In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00507-CV


____________________



JEANETTE COLLINS LOWE, Appellant



V.



MELVIN A. LOWE, JR., Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 05-07-06081 CV






 MEMORANDUM OPINION


 Jeanette Collins Lowe appealed a post-decree order of the trial court appointing a
receiver to sell the marital residence. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(1) (Vernon 2008). We reverse the trial court's order and remand the case to the
trial court for further proceedings.

 Jeanette Collins Lowe and Melvin A. Lowe divorced in 2006 and no appeal was taken
from that judgment. The divorce decree awards property known as 10408 Daw Collins Road
to Jeanette, and the debts awarded to her include the note secured by a deed of trust on the
property. The same judgment provides that the property located at 10408 Daw Collins Road
would be sold and the net proceeds divided equally between Melvin and Jeanette. In 2007,
Melvin filed a motion in aid of judgment. On January 8, 2008, the trial court ordered a real
estate agent to sell the property and ordered Jeanette to keep the mortgage current until the
sale was completed. No appeal was taken from this order. 

 In 2008, Melvin filed a motion to sell the property. This motion alleged that the
realtor appointed in the trial court's earlier order had not sold the property, requested
appointment of another agent, asked that Jeanette be ordered to vacate the property, and
requested an order dividing the proceeds from any sale, allocating 80% to Melvin and 20%
to Jeanette. Melvin served Jeanette through substituted service. See Tex. R. Civ. P. 106. 
The server's return states that service was had on September 30, 2008.

 Acting pro se, Jeanette filed a verified motion for continuance on October 3, 2008. 
Her motion requested additional time to hire counsel. On October 3, 2008, the trial court
conducted a hearing, and Jeanette requested a continuance because she had received the
motion only that Monday. The trial court denied the motion for continuance.

 No evidence was received at the hearing but Melvin's counsel informed the trial court
that the first realtor appointed to sell the property did not want to deal with the property
because the home was in complete disarray. The trial court found that Jeanette had
substantially interfered with the sale of the property, ordered her to permanently vacate the
property, enjoined both Jeanette and Melvin from wasting the property, and appointed a
receiver to sell the property.

 On appeal, Jeanette filed a brief that does not comply with the form required for
appellate briefs. See Tex. R. App. P. 38.1. Melvin did not file a brief. On May 11, 2009, we
notified the parties that unless we received a request for an extension the appeal would be
submitted on the appellant's brief. Although she failed to set forth discrete issues for review,
we have identified several errors that are raised in her brief. See Tex. R. App. P. 38.9
("Because briefs are meant to acquaint the court with the issues in a case and to present
argument that will enable the court to decide the case, substantial compliance with this rule
is sufficient. . . ."); see also Tex. R. App. P. 2 (allowing suspension of a rule and ordering of
a different procedure). The issues identifiable from the brief are as follows: (1) the trial
court erred in dividing property that was inherited and given to Jeanette before the marriage;
(2) Jeanette received inadequate representation by counsel in the divorce proceedings; (3)
counsel for Melvin withheld information in the divorce proceedings; (4) Jeanette was not
allowed to prove her disability in the divorce proceedings; (5) Jeanette cooperated with the
realtors; (6) the original decree awarded Jeanette the property; (7) the trial court erred in
denying Jeanette's request for a continuance; (8) the receiver appointed by the court is
supposed to be an attorney but no one in the area practices law in that name; (9) Melvin
damaged the home; (10) the trial court failed to order anyone to pay the mortgage and related
expenses; and (11) the trial court erred in issuing a writ of possession. 

 The first four issues relate to divorce proceedings that are not before us at this time. 
See generally Kenseth v. Dallas County, 126 S.W.3d 584, 596-97 (Tex. App.-Dallas 2004,
pet. denied). (An appellant in a subsequent proceeding cannot attack orders that were not
timely appealed.). The remaining issues are germane to the issue of the appointment of a
receiver. 

 In her brief on appeal, Jeanette complains that the trial court denied her request for
a continuance. The return of citation shows Jeanette was served with citation on September
30, 2008. Under the rules applicable to civil cases generally, Jeanette had until the Monday
next following the expiration of twenty days to file an answer. See Tex. R. Civ. P. 99(c). 
Jeanette filed a verified motion for continuance on the day of the hearing. See Tex. R. Civ.
P. 251. The motion explained that Jeanette needed time to hire counsel. At the hearing,
Jeanette informed the trial court, as follows: 

 I haven't properly been served any papers at all. I just received the papers for
today's hearing Monday afternoon at about 12:00 o'clock in the afternoon. 
And I'm in the process of hiring an attorney[.] He's given me a motion to file
a continuance until he can review my case."


 The trial court has broad discretion to divide the marital estate in a manner it deems
just and right. Tex. Fam. Code Ann. § 7.001 (Vernon 2006). "That broad authority
sometimes includes the power to enlist the aid of a receiver to effectuate the trial court's
orders and judgments." Rusk v. Rusk, 5 S.W.3d 299, 306-07 (Tex. App.-Houston [14th
Dist.] 1999, pet. denied). A party affected by a divorce decree dividing property may request
enforcement by filing a suit to enforce in the court that rendered the decree. Tex. Fam. Code
Ann. § 9.001 (Vernon 2006). A suit to enforce is governed by the Rules of Civil Procedure
applicable to the filing of an original suit and a party whose rights may be affected is entitled
to receive notice by citation and command to file an answer, after which the proceedings
"shall be as in civil cases generally." Id. 

 A contested case requires forty-five days notice of a first setting for a trial. See Tex.
R. Civ. P. 245. A motion for summary judgment requires twenty-one days notice of the
hearing. See Tex. R. Civ. P. 166a(c). The relief requested in Melvin's motion in aid of
enforcement of judgment was the appointment of a receiver to sell the property, and the trial
court made findings of fact in its order. (1) Thus, the trial court conducted a hearing that was
dispositive of the merits of the case without providing the respondent with sufficient notice
of the hearing. We hold the trial court erred in denying Jeanette's request to continue the
hearing. Because the trial court disposed of part of the merits of the case without providing
the respondent with an adequate opportunity to be heard, the error was not harmless. See
Tex. R. App. P. 44.1(a). 

 In her brief, Jeanette complains that the original decree awarded Jeanette the property. 
The divorce decree both awards Jeanette the property and orders that the property be sold and
the proceeds be divided equally between Melvin and Jeanette. The trial court's power in a
proceeding to enforce a divorce decree is limited to "an order to assist in the implementation
of or to clarify the prior order and may not alter or change the substantive division of
property." Tex. Fam. Code Ann. § 9.007 (Vernon 2006). However, the trial court may
under appropriate circumstances "render further orders to enforce the division of property
made in the decree of divorce or annulment to assist in the implementation of or to clarify
the prior order." Tex. Fam. Code Ann. § 9.006 (Vernon 2006). "The court may specify
more precisely the manner of effecting the property division previously made if the
substantive division of property is not altered or changed." Id. Because the trial court
adjudicated the merits of the dispute without allowing the time for filing an answer and for
notice of hearing required by the Texas Rules of Civil Procedure, neither the parties nor the
trial court had an adequate opportunity to determine whether a clarifying order should be
entered. As we have already determined that the trial court committed reversible error in
conducting the hearing when it did, this issue should be considered on remand.

 We reverse the trial court's order appointing the receiver and remand the case to the
trial court for further proceedings.

 REVERSED AND REMANDED.

 __________________________________

 HOLLIS HORTON

 Justice 

Submitted on August 18, 2009

Opinion Delivered August 27, 2009

Before Gaultney, Kreger, and Horton, JJ.
1. In the prior proceedings Melvin and Jeanette were ordered to "cooperate completely"
with the realtor regarding "the signing, showing, and selling of the real estate" but the trial
court did not appoint the realtor to act in the capacity as a receiver.